1

2

3

4

5              UNITED STATES DISTRICT COURT

6             EASTERN DISTRICT OF WASHINGTON

7   GILBERT HINTZ, a married man,

8                        Plaintiff,                NO:  13-CV-0100-TOR

9        v.                                        ORDER DENYING DEFENDANT'S
                                                   MOTION TO DISMISS
10  JORDE CERTIFIED SEED, LLC, a
    North Dakota limited liability
11  company,

12                       Defendant.

13

14       BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 14).

15  This matter was heard with oral argument on October 1, 2013.   Matthew C.

16  Albrecht appeared on behalf of the Plaintiff.  John G. Schultz, Brian G. Davis, and

17  Bradley E. Smith appeared on behalf of Defendant. The Court has reviewed the

18  briefing and the record and files herein, and is fully informed.

19  ///

20  ///

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

BACKGROUND

Jorde Certified Seed ("Jorde") sold seed potatoes to Steve Stetner of SAKS Seed Company ("Stetner"), who prepared the potato seed and in turn sold it to Gilbert Hintz ("Hintz").  When the seed allegedly failed to germinate timely, Hintz removed the crop and sued Jorde, alleging deceptive descriptions of the seed, breach of contract, and breach of express and implied warranties.  Stetner assigned to Hintz all rights to sue for damages arising from the seed purchase and sale, and Hintz's lawsuit asserts his own claims as well as Stetner's.  Jorde now moves the Court for a dismissal for lack of subject matter jurisdiction based on Federal Rules of Civil Procedure 12(b)(7) and 19, and 28 U.S.C. § 1359.  ECF No. 14 at 1.

FACTS

Jorde Certified Seed is a North Dakota limited liability company in the business of marketing and selling seed potatoes.[1]  ECF No. 14 at 2.  SAKS Seed Company, of which Steve Stetner is the president, is a Washington corporation that buys and sells potato seed to local farmers in Grant County, Washington.  *Id*. at 3.  Gilbert Hintz is a Washington farmer.  ECF No. 1 at 2.  Stetner purchased the seed potatoes in question from Jorde.  ECF No. 5-1 at 1; ECF No. 14-2 at 2.  Stetner

---

[1] These facts are gathered from the pleadings and are assumed true for purposes of this motion, but are not otherwise "findings of fact" made by the Court.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

1    "made certain preparations to the seed potatoes, including cutting and applying

2    bark, and re-sold the certified seed potatoes" to Hintz.  ECF No. 14-1 at 6.  The

3    seeds were certified as "blue tag."  ECF No. 14-2 at 2.  According to Jorde, this

4    means field and grade inspected and has nothing to do with organic potato farming.

5    *Id*.  Jorde maintains that it never represented the seed in question as being fit for

6    organic farming.  *Id*. at 3.  Hintz alleges that "blue tag" means "excellent quality

7    free of contaminants and impermissible chemicals, suitable for the purpose of

8    growing certified organic potatoes."  ECF No. 1 at 3.

9         Irrespective, the seed failed to germinate.  ECF No. 1 at 1.  After samples

10   were collected, Hintz removed the seed and planted a mitigation crop in its place.

11   *Id*.  The samples were tested and found to have been contaminated with chemicals

12   that prevented germination.  ECF No. 1 at 1; ECF No. 17-1 at 2.  After learning

13   that Hintz had not paid Stetner for the seed because of its failure to germinate,

14   Jorde paid Stetner $30,000 "in an attempt to save goodwill and reimburse Mr.

15   Stetner."  ECF No. 14-2 at 2.

16        Hintz sued Jorde in federal court to recover damages caused by Jorde's

17   alleged deceptive descriptions of the seed, breach of contract, and breach of

18   express and implied warranties.  ECF No. 1 at 2.  Stetner assigned to Hintz all

19

20

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

claims Stetner may have arising from the seed sale,[2] and the parties agreed to

forbear pursuing cross-claims against each other in the litigation.  ECF No. 14-1 at

6.  In this action, Hintz asserted both his direct claims as well as Stetner's claims

against Jorde.  ECF No. 1 at 2.  Defendant now moves the court to dismiss for lack

of subject matter jurisdiction, arguing that Stetner is a necessary and indispensable

party whose joinder would destroy diversity jurisdiction under Federal Rules of

Civil Procedure 12(b)(7) and 19, and 28 U.S.C. § 1359.  ECF No. 14 at 1, 8.

        Neither party disputes that the jurisdictional minimum claim amount is met

for purposes of diversity jurisdiction under 28 U.S.C. § 1332.[3]  Nor do they

---

[2] The assignment provides in part, "Assignors hereby grant and assign to

Assignee…to the fullest extent permitted by law all of Assignors' rights and

interests in enforcing Assignors' contract with Jorde and any claim or right of legal

action Assignors may have against Jorde or any other party at fault for causing

damages to Assignors and Assignee arising from or in connection with the

purchase and sale of the above-described defective potato seed…."  ECF No. 14-1

at 6.

[3] Hintz claims damages in excess of $707,000 from lost profits; he also asserts

Stetner's damages of $73,226.42 for lost payment for the seeds.  ECF No. 1 at 5.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

dispute that Jorde is a citizen of North Dakota, and both Hintz and Stetner are citizens of Washington State.  *See* ECF No. 1 at 4.

DISCUSSION

**A. Rule 19**

In a diversity case, the question of joinder is one of federal law.  *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 (1968).  Under Federal Rule of Civil Procedure 12(b)(7), a defendant may move to dismiss an action for "failure to join a party under Rule 19."

Federal Rule of Civil Procedure 19 provides a two-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party.  *Kescoli v. Babbitt*, 101 F.3d 1304, 1309 (9th Cir. 1996).  First, the Court must decide whether the absentee is a necessary party under Rule 19(a).  *Id.*  Then, if joinder is not feasible, "the Court must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party."  *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (citing Fed. R. Civ. P. 19(b)).  A determination concerning joinder is "a practical one and fact specific."  *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  The burden of proving that a case should be dismissed for failure to join a necessary party falls to the moving party.  *Id.*

1.  <u>Necessary party</u>

An absent party is a necessary party if a court finds any of the following

requisites are met:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  Thus, the rule provides that a party is necessary in two

instances: (A) when complete relief is not possible without the absent party's

presence, or (B) when the absent party claims a legally protected interest in the

action and one of two conditions are met.

*(a) Complete relief*

In conducting complete relief analysis, "the court asks whether the absence

of the party would preclude the district court from fashioning meaningful relief as

between the parties." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,

375 F.3d 861, 880 (9th Cir. 2004).  This factor "is concerned only with relief as

between the persons already parties, not as between a party and the absent person

whose joinder is sought." *Eldredge v. Carpenters 46 N. Cal. Counties Joint*

*Apprenticeship and Training Comm.*, 662 F.2d 534, 537, (9th Cir. 1981).  The

relevant question for purposes of determining whether "complete relief" can be

afforded is "whether success in the litigation can afford the plaintiff[] the relief *for*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

*which [he or she has] prayed.*"  *Yellowstone Cnty. v. Pease*, 96 F.3d 1169, 1172

(9th Cir. 1996) (emphasis in original) (quotation and citation omitted).

Here, as to the existing parties, it is possible for the court to afford Hintz the

complete relief for which he has prayed.  Hintz sued Jorde for alleged deceptive

descriptions of the seed, breach of contract, and breach of express and implied

warranties.  Jorde argues that because Stetner rather than Jorde represented to

Hintz that the seed was appropriate for organic farming, Hintz will be unable to get

complete relief since he cannot, by the terms of the assignment agreement, cross-

claim against Stetner.  ECF No. 14 at 12-13.  If Hintz pursues Stetner in a separate

action, he might be barred by res judicata, Jorde argues.  ECF No. 17 at 7.

However, the risk that Stetner could be responsible is one that Hintz presumably

undertook with eyes open, since he entered into an agreement with Stetner

expressly providing for the possibility of future disputes.  *See* ECF 14-1 at 6-7.

Hintz, however, ostensibly believes Jorde is liable for the claims he has made

against him.  This lawsuit between Hintz and Jorde is capable of allowing Hintz to

get complete relief for what he seeks: a judgment against Jorde for Jorde's alleged

breaches of contract, of express and implied warranties, and of Washington's

Consumer Protection Act.  *See* ECF No. 1 at 10.

Furthermore, "[a] plaintiff ordinarily is free to decide who shall be parties to

his lawsuit."  *Simpson v. Alaska State Comm'n for Human Rights*, 608 F.2d 1171,

1174 (9th Cir. 1979).  Hintz may have any number of reasons for not wanting to

sue Stetner, including a belief that Jorde is responsible and Stetner is not.  It is not

the place of this Court, nor the Defendant, to force Hintz to include Stetner where

he can get the relief he seeks from Jorde.

> *(b) Interested party claims an interest (i) impairing that party's ability*
>
> *to protect its interest or (ii) leaving an existing party subject to the*
>
> *risk of multiple obligations*

For purposes of Rule 19(a)(1)(B), "Joinder is 'contingent . . . upon an initial

requirement that the absent party *claim* a legally protected interest relating to the

subject matter of the action.'"  *Bowen*, 172 F.3d at 689 (quoting *Northrop Corp. v.*

*McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)) (emphasis in

original).  *See also Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d

1449, 1460 n. 18 (9th Cir. 1996) (holding that "Westwood was not an

indispensable party to the proceedings," because "Westwood had not claimed an

interest in Buster's limited partnership interest at the time of the default

judgment"); *United States ex rel. Morongo Band of Mission Indians v. Rose*, 34

F.3d 901, 908 (9th Cir. 1994) (concluding that, where the absent party "did not feel

that it was necessarily in his interest to remain a party in this action," it was

"inappropriate for one defendant to attempt to champion [the] absent party's

interests").  "[A]n absent party's ability to protect its interest will not be impaired

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 8

by its absence from the suit where its interest will be adequately represented by existing parties to the suit." *Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir. 1999).

Here, Stetner is not claiming an interest in this action. Stetner assigned all of his rights against Jorde to Hintz, and declared that he has no intent to bring any claims in this lawsuit against Hintz. ECF No. 14-1 at 6-7. Stetner in fact expressly *disclaims* an interest in the lawsuit, asks not to be made a party, and states that there are no claims current or intended between Stetner and Hintz. ECF No. 15 at 2-4.[4]

Even if Stetner did claim an interest, it would not be impaired by his absence. Jorde argues that, practically speaking, Stetner's absence impedes his ability to protect his interests because Hintz has "no bona fide interest in protecting Stetner from carrying liability for the damages in this case." ECF No. 14 at 14.

_____

[4] As Stetner states in his declaration, "any damages owed from myself to Hintz were really caused by Jorde's initial false representations and warranties and breach of contract and would have been sought as third-party relief against Jorde, and to have a three-party lawsuit where there were no true cross-claims between Hintz and myself seemed likely only to complicate and add cost to the overall dispute." ECF No. 15 at 2-3.

1    However, Stetner and Hintz presumably considered this possibility when they

2    entered into their agreement, which provides for potential future disputes over

3    liability. *See* ECF No. 14-1 at 7. Hintz has taken over the interest to sue Jorde, so

4    that interest is protected under the assignment agreement.

5           Jorde additionally argues that he will be subject to multiple obligations, such

6    that he qualifies as a necessary party under Rule 19(a)(1)(b)(ii), because of the

7    $30,000 he paid to Stetner. ECF No. 14 at 14. He notes that nothing in the

8    assignment agreements indicates that Stetner assigned the $30,000 to Hintz; thus,

9    he argues, if Hintz is successful, Jorde would be forced to pay damages which

10   would include the $30,000 that should be offset from that amount. *Id*. Stetner,

11   however, took the payment as an understanding that it was an "informal partial

12   refund of the purchase price I had paid for the defective contaminated potato seed."

13   ECF No. 15 at 3. He agrees that $30,000 would be an appropriate offset against

14   the damages Jorde owes him when he assigned his claim against Jorde to Hintz.

15   *Id*. When Hintz took the rights to Stetner's claims against Jorde, he stepped into

16   Stetner's shoes with respect to those claims; he can only assert in Stetner's stead

17   rights Stetner would have had.

18          For the above reasons, the Court finds that Stetner is not a necessary party

19   under Rule 19(a).

20   ///

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 10

2.  <u>Feasibility and Indispensability under 19(b)</u>

Having decided that Stetner is not even a necessary party, it follows that the Stetner is not indispensable.

**B. Collusion**

Jorde further argues that the case should be dismissed for lack of jurisdiction arising from collusive assignment of Stetner's claims under 28 U.S.C. § 1359. ECF No. 14 at 21.

The federal anti-collusion statute provides that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 § U.S.C. § 1359.  It is "aimed at preventing parties from manufacturing diversity jurisdiction to inappropriately channel ordinary business litigation into the federal courts." *Yokeno v. Mafnas*, 973 F.2d 803, 809 (9th Cir. 1992).

Here, the assignment is not collusive because it does not create jurisdiction that would otherwise not exist.  Hintz and Stetner had independent grounds for diversity jurisdiction for their claims against Jorde before they entered into the assignment agreement. One Washington citizen assigning his claims against a foreign defendant to another Washington citizen does not "manufacture" diversity jurisdiction—it already existed.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 11

1    Nor is there any evidence that the assignment was made improperly or

2    collusively.  The assignment agreement notes that Hintz, the assignee, is in a better

3    financial position to pursue the claims against Jorde and has incurred greater direct

4    losses than Stetner.  ECF No. 14-1 at 6.  The assignment agreement further notes

5    that assigning the claims will "allow more efficient prosecution of the claims"

6    because both parties' claims involve similar questions.  *Id*.  The parties appear to

7    have pursued the agreement for practical purposes, to make pursuit of the claim

8    more efficient.

9    Accordingly, **IT IS HEREBY ORDERED:**

10    Defendant's Motion to Dismiss (ECF No. 14) is **DENIED**.

11    The District Court Executive is hereby directed to enter this Order and

12    provide copies to counsel.

13    **DATED** October 4, 2013.



THOMAS O. RICE
United States District Judge

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 12